Arthur D. Brennan, J.
The plaintiff’s cross motion to restore this action to the Trial Term Calendar is defective in at least two respects: (1) It fails to state the exact or approximate date when the plaintiff first learned of the alleged unauthorized settlement agreed to by his prior attorneys nor does it *621 state what steps, if any, were thereafter taken with respect to the prosecution of this action; and (2) It fails to set forth a factual showing that the cause of action asserted in the complaint was and is meritorious. (See Walsh v. Ben Riley’s Arrowhead Inn, 2 A D 2d 714.) In addition it should also appear that by stipulation or order the plaintiff’s present attorney has been properly substituted for the former attorneys for the plaintiff.
Accordingly, the cross motion is denied but with leave to renew the same upon proper papers provided said renewal is made returnable by not later than April 29, 1959. The defendant’s motion to dismiss the complaint for failure to prosecute, is adjourned to the return date of said renewed cross motion, if such be made, but if the same be not made, then to April 29, 1959.
Settle order on notice.